# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHERI GREEN** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-844-DLD** |
| **WAL-MART LOUISIANA, L.L.C** | **CONSENT CASE** |

## RULING

This slip and fall suit is before the court on defendant's motion for summary judgment (rec. doc. 13). The motion is opposed by plaintiff (rec. doc. 14). The court exercises diversity jurisdiction over this matter based on 28 U.S.C. §1332.

### Factual Background

On or about November 10, 2009, plaintiff Sheri Green (Green) and a companion were shopping in the Wal-Mart store located in Zachary, Louisiana (rec. doc. 1-1). According to the petition, plaintiff slipped and fell on a clear liquid located in the customer service area on her way out of the store. Id. As a result of the slip and fall, plaintiff alleges that she suffered "severe and disabling injuries including but not limited to, injury to her right hand."[1] Id. Plaintiff brought suit against defendant in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, alleging that defendant Wal-Mart's negligence caused her accident and resulting injuries.[2] Id.

---

[1] Plaintiff alleges in the petition that she suffered sever and disabling injuries, including, but not limited to injury to her right hand, and past, present, and future medical expenses and impairment of earning capacity (rec. doc. 1-1).

[2] Plaintiff alleges that defendant Wal-Mart was negligent in failing to use reasonable care to keep aisles, passageways, and floors in a clean and safe condition; failing to keep the premises free of hazardous conditions; failing to properly inspect the premises; failing to establish proper procedures for cleaning and inspection; allowing a foreign and dangerous substance to remain on the floor of the store creating an unreasonable and foreseeable risk and hazard of injury; creating and/or having actual or constructive notice of the condition which caused plaintiff's injury prior to its occurrence (rec. doc. 1-1).

## Summary Judgment Standard

Summary judgment shall be granted when there are no genuine issues as to any material facts and the moving party is entitled to a judgment as a matter of law. Federal Rule of Civil Procedure 56. When a motion for summary judgment is properly made and supported under Rule 56(c), the opposing party may not rest on the mere allegations of their pleadings, but rather must come forward with "specific facts" showing that there is a genuine issue for trial. *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(e). The non-movant's evidence is to be believed for purposes of the motion and all justifiable inferences are to be drawn in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). However, summary judgment must be entered against the plaintiff herein, on a properly supported defense motion, if she fails to make an evidentiary showing in her opposition to the motion sufficient to establish the existence of an element essential to her claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). Without a showing sufficient to establish the existence of an element essential to plaintiff's claim, there can be no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all facts immaterial. Id.

## Arguments of the Parties

Defendant Wal-Mart moves for summary judgment arguing that plaintiff is unable to meet her burden of proof under La. R.S. 9:2800.6. Specifically, defendant argues that plaintiff is unable to prove that defendant "either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." In support of

its motion, defendant offers plaintiff's deposition testimony to show that plaintiff is unable to point to facts or evidence to establish the constructive notice element of her claim.

Plaintiff responds by arguing that summary judgment is not appropriate in this matter because defendant has failed to refute the presumption of negligence against it by proving that it exercised its duty to keep its premises free of hazardous conditions in a reasonably prudent fashion. Plaintiff offers no evidentiary support, in the form of pleadings, depositions, answers to interrogatories, admissions, or affidavits, in opposition to the motion for summary judgment.

### Discussion

Because this matter is before the court based on diversity jurisdiction, this court is bound to apply federal procedural law and Louisiana substantive law. *Erie R. Co. V. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Louisiana Revised Statute 9:2800.6 governs a negligence action against a merchant for damages resulting from injuries sustained in a slip and fall accident. *Kennedy v. Wal-mart Stores, Inc.*, 733 So.2d 1188, 1190 (La. 1999). Under paragraph A of that statute, a merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. The duty includes a reasonable effort to keep the premises free of any hazardous conditions that reasonably might give rise to damages. La. R.S. 9:2800.6.

Substantial revisions to La. R.S. 9:2800.6 were adopted in 1990 that shifted the burden of proof from the merchant to the claimant and outlined the elements that must be proven by the claimant in order to prevail on a claim under this statute. See Act 1990, No.

1025, §1, Effective September 1, 1990. The plaintiff's burden of proof is set forth in

paragraph B, which provides as follows:

> B.   In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, **all** of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care.   In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6(B)(emphasis added).

With respect to the second element above, *i.e.*, whether defendant had actual or

constructive notice of the condition that allegedly caused plaintiff to slip and fall, the

definitions section of La. R.S. 9:2800.6 defines constructive notice as follows:

> (C)(1) "Constructive notice" means the claimant has proven that the condition existed *for such a period of time* that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. R.S. 2800.6(C)(1) (emphasis added).

A plaintiff must make a "positive showing" of the existence of the condition prior to the fall. *Babin v. Winn-Dixie Louisiana, Inc.*, 764 So.2d 37, 40 (La. 6/30/00), citing *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081 (La. 9/9/97). The merchant who is sued, on the other hand, is not required to make a positive showing of the absence of the existence of the condition prior to the fall. *Id.* The Louisiana Supreme Court has held that the phrase "such a period of time," as used in Paragraph C(1), constitutes a temporal element that must be shown by a plaintiff in a slip in fall case. *White v. Wal-Mart Stores, Inc.*, 699 So.2d at 1184; <u>see</u> <u>also</u> *Babin v. Winn-Dixie Louisiana, Inc.*, 764 So.2d at 40; *Kennedy v. Wal-Mart Stores, Inc.*, 733 So.2d 1188, 1190 (La. 4/13/99). La. R.S. 9:2800.6 does not allow for the inference of constructive notice absent some showing of this temporal element. Id.

Although there is no bright line time period relative to the duration of the condition, there is imposed upon the plaintiff "a prerequisite showing of *some* time period." *Kennedy*, 733 So.2d at 1191.(Emphasis added.) The time period need not be specific in minutes or hours. However, if a plaintiff merely shows that the condition existed, without any additional showing that it existed for "some" period of time, she has not satisfied her burden of proving constructive notice. *Id.* For example, the Supreme Court in *Kennedy v. Wal-Mart Stores, Inc.*, supra, held that "plaintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident" and, therefore, failed to carry his burden under La. R.S. 9:2800.6 to prove Wal-Mart's constructive knowledge of the condition. *Kennedy*, 733 So.2d 1191. Similarly, in *Babin v. Winn-Dixie Louisiana, Inc., supra,* the plaintiff admitted in his deposition that he did not know how the toothpick boxes got on the floor, nor did he know how long they had been on the floor before he fell; therefore, the court held that plaintiff was unable to produce any factual support for his contention that the toothpick boxes were on the floor for some period of time before his fall. *Babin*, 764 So.2d 38-40.

The plain language of La. R.S. 9:2800.6 and the interpretive case law make it clear that plaintiff has the burden of proving certain elements in support of her claim, including that defendant had constructive notice of the substance on the floor prior to the accident. In support of its motion for summary judgment, defendant offers plaintiff's testimony wherein plaintiff states that she does not know the source of the substance or how it got on the floor, she has no information to suggest how long the substance was on the floor before she slipped, she has no information to suggest that Wal-Mart caused the substance to end up on the floor, and she has no information to suggest that Wal-mart was aware of the fact that there was a substance on the floor before she slipped (rec. doc. 13-1, Exhibit A). In response to defendant's motion, plaintiff offers nothing to suggest that there is a material issue of fact with respect to the constructive notice element of plaintiff's claim. Rather, plaintiff relies only on the court's analysis in *Webster v. Wal-Mart Stores, Inc.*, 617 So.2d 626 (La. App. 5 Cir. 1993), which is based on the previous version of La. R.S. 9:2800.6, and incorrectly suggests that defendant has the burden of refuting the presumption of negligence once plaintiff shows that the accident was caused by a hazardous condition. See *Webster v. Wal-Mart Stores, Inc.*, 617 So.2d 626 (La. App. 5 Cir. 1993).[3]

---

[3] The court in *Webster* specifically notes that La. R.S. 9:2800.6 was amended by 1990 La. Acts, No. 1025, which became effective on September 1, 1990, and applies to causes of action arising after the effective date. The accident in *Webster* occurred on June 1, 1990, so the court applied the previous version of La. R.S. 9:2800.6, which, unlike the current version of La. R.S. 9:2800.6 applicable to this case, does not place the burden of proof on the claimant. Additionally, defendant states in her opposition that Wal-Mart has "not produced and submitted evidence included but not limited to, their inspection and cleanup procedures, to refute them having actual or constructive knowledge of the liquid on the floor" (rec. doc. 14). It is plaintiff's burden to prove constructive notice, not Wal-Mart's burden to prove that it did not have constructive notice; thus, evidence of cleanup procedures for the purpose sought by plaintiff would not preclude summary judgment.

Defendant has met its burden of pointing out the absence of factual support for an essential element of plaintiff's claim - the constructive notice element. Plaintiff has failed to offer any evidence to indicate that a genuine issue of material fact remains with respect to the constructive notice element; therefore, summary judgment is appropriate in this case.

Accordingly, for the reasons assigned, defendant's motion for summary judgment (rec. doc. 13) will be **GRANTED** and plaintiff's suit will be dismissed, with prejudice.

Signed in Baton Rouge, Louisiana, on October 18, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**